Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 6814 | DATE | 11/8/2000 |
| CASE TITLE | USA ex rel. Erdogan Kurap vs. Warden Roger Cowan | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In all events, the Petition II must be and is dismissed (Page, 170 F.3d at 661).

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 13 2000 | | 6 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | | 11/8/2000 | |
| | Copy to judge/magistrate judge. | 00 NOV -9 AM 11: 29 | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
ERDOGAN KURAP #B-42516, )
 )
            Petitioner, )
 )
v. )  No. 00 C 6814
 )
WARDEN ROGER COWAN, et al., )
 )
            Respondents. )

MEMORANDUM OPINION AND ORDER

This Court's August 9, 2000 memorandum opinion and order in Case No. 00 C 3552 (the "Opinion") dismissed the self-prepared Petition for Writ of Habeas Corpus ("Petition I") that had been brought by Erdogan Kurap ("Kurap") under 28 U.S.C. §2254.[1] Kurap has since instituted an appeal from that Petition I dismissal.

Now Kurap has filed still another Petition for Writ of Habeas Corpus (Petition II) in this District Court.[2] Yet Petition II Part I ¶3 says (wholly ignoring Petition I) that he has not filed any previous federal habeas petition (one of the advantages of this District Court's LR 40.3(b)(1)(A) is that a prisoner's multiple habeas petitions get assigned to the same

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Kurap has accompanied Petition II with a letter explaining that he has directed authorities at Menard Correctional Center, where he is in custody, to pay the modest $5 filing fee out of his trust account there. This memorandum opinion and order proceeds on the premise that the fee payment has been or is being made as he directed.

judge, so that any such misstatements are more likely to be caught).

It may be that Kurap's splintered approach to state habeas relief--he has filed two separate and unsuccessful efforts in the state court system, one by bringing a motion for leave to file an original habeas petition in the Illinois Supreme Court and the other by filing a habeas petition in the Circuit Court of Cook County that he has then appealed up the line--has led him to assume that the question posed in Part I ¶3 (which is contained in the form of Section 2254 petition that is provided to state prisoners by this District Court's Clerk's Office) asked him to respond only in terms of the latter filing. But that is wrong, of course, because all of his post-conviction efforts (both in the state courts and here) seek to attack the same state custodial status that stems from a single state court conviction.

If Kurap had sought to advance both of his challenges to his state court conviction and custodial status in a single Section 2254 petition, it would have been a "mixed petition" subject to dismissal under the still-applicable teaching of <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982). In that event a current action such as Petition II, brought only after the Illinois Supreme Court has turned down Kurap's appeal from the adverse rulings of the lower state courts (thus completing the exhaustion of state court remedies required by Section 2254(b)(1)(A)), would not have been

a "second or successive habeas corpus application under section 2254" within the meaning of Section 2244(b) (Stewart v. Martinez-Villareal, 523 U.S. 637, 644-45 (1998)).

But Kurap did not do that--and thus having made his habeas bed, he must lie in it. Because the Opinion dismissed Petition I on the merits, this is indeed "a second or successive application" in the statutory sense (In re Page, 170 F.3d 659, 661-62 (7th Cir. 1999)). And that being so, Section 2244(b) commands the dismissal of Petition II from any perspective:

1. Because the claim now proffered in Petition II was not presented in Petition I and because it does not fit either of the exceptions set out in Section 2244(b)(2), it would appear that dismissal is mandated by that provision of Section 2244(b).

2. But if that is not the case, so that the claim set forth in Petition II is instead permitted by Section 2244, Kurap has failed to comply with the requirement of Section 2244(b)(3) that he must first move in our Court of Appeals for an order authorizing this Court to consider the application.

In all events, then, Petition II must be and is dismissed (Page, 170 F.3d at 661).

_____
Milton I. Shadur
Senior United States District Judge

Date: November 7, 2000

3